# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

TOMMY W. WEDER, )
)
       Plaintiff, )
)
vs. ) Case No. CIV-15-304-M
)
UNITED STATES OF AMERICA, )
ex rel. INTERNAL REVENUE SERVICE, )
)
       Defendant. )

## ORDER

Before the Court is defendant's Motion for Summary Judgment, filed March 28, 2017. On May 5, 2017, plaintiff filed his response, and on May 26, 2017, defendant filed its reply. Based upon the parties' submissions, the Court makes its determination.

I.    Introduction

Plaintiff is the former president and owner of Boom Drilling, LLC ("Boom"). Boom incurred $1,183,644.91 of employment tax liability for the first quarter of 2008 but failed to timely pay its employment taxes. In or about April 2008, Internal Revenue Service ("IRS") Officer John Spangler ("Spangler") met with plaintiff, Jerry Frech, a CPA for plaintiff and Boom; Don Lyles, counsel for Boom; and Pam Weder, a CPA employed by Boom, to discuss Boom's unpaid employment taxes.

On April 25, 2008, after the above meeting, Boom transferred $300,000 to the IRS to be applied to Boom's employment taxes. Boom did not make the April 2008 transfer by check or other written financial instrument but made it by wire transfer through the IRS's electronic funds transfer payment system ("EFTPS"). Boom did not provide written instructions to the IRS on how to allocate any portion of the April 2008 transfer between the trust fund and non-trust fund portions

of Boom's employment taxes. Plaintiff alleges that at the April meeting, Spangler told representatives at Boom that they had to transfer the $300,000 via wire using the EFTPS system and that the funds would all be applied to Boom's trust fund tax liabilities. Instead, the IRS applied a portion of the April 2008 transfer to Boom's non-trust fund employment tax liability. On November 9, 2009, the IRS assessed plaintiff penalties under 26 U.S.C. ("I.R.C.") § 6672 for Boom's unpaid trust fund taxes for the first quarter of 2008, which plaintiff paid in full.

On September 8, 2008, Boom filed a petition for Chapter 11 bankruptcy in the United States Bankruptcy Court for the Western District of Oklahoma. By orders issued on September 11, 2008, September 16, 2008, and September 24, 2008, the bankruptcy court authorized Boom to pay pre-petition and post-petition wages of Boom's employees for the period beginning on August 27, 2008 up to Boom's pay week ending September 26, 2008, including all resulting employment taxes Boom owed to the United States. Boom paid wages and made required EFTPS deposits of employment taxes for four of its pay weeks ending September 26, 2008, a period during which Boom incurred $269,058.08 of employment tax liability. Defendant alleges that the IRS did not receive timely employment tax deposits for wages Boom paid from August 27, 2008 to September 3, 2008, which totals $42,727.34. On November 9, 2009, the IRS assessed plaintiff penalties under § 6672 for Boom's unpaid trust fund taxes for the third quarter of 2008, which plaintiff paid in full.

On March 25, 2015, plaintiff filed the instant action seeking a refund of penalties that the IRS assessed against him under § 6672. Plaintiff alleges that the IRS misapplied several of Boom's employment tax payments to non-trust fund tax liabilities, which, if allocated to the trust fund tax liabilities, would reduce plaintiff's § 6672 penalties. The disputed amounts include: (1) portions of the $300,000 transfer on April 25, 2008, and (2) $42,727.34 of the $269,058.08 of bankruptcy

2

payments. Defendant now moves for summary judgment as to plaintiff's refund claims regarding the above disputed amounts.

II. Summary Judgment Standard

"Summary judgment is appropriate if the record shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The moving party is entitled to summary judgment where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party. When applying this standard, [the Court] examines the record and reasonable inferences drawn therefrom in the light most favorable to the non-moving party." *19 Solid Waste Dep't Mechs. v. City of Albuquerque*, 156 F.3d 1068, 1071-72 (10th Cir. 1998) (internal citations and quotations omitted).

"Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Furthermore, the non-movant has a burden of doing more than simply showing there is some metaphysical doubt as to the material facts. Rather, the relevant inquiry is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Neustrom v. Union Pac. R.R. Co.*, 156 F.3d 1057, 1066 (10th Cir. 1998) (internal citations and quotations omitted).

III. Discussion

    A. Employment taxes

> Under 26 U.S.C. §§ 3102(a) and 3402(a), employers are required to withhold federal social security and income taxes from wages paid to employees, and to remit those withheld amounts to the IRS on a regular basis. If an employer withholds these payroll taxes (also known as "trust-fund taxes"), but fails to pay them over to the government, the employee is nevertheless credited with having paid the taxes, and the government may not require any additional

> payment from the employee. *Slodov v. United States*, 436 U.S. 238, 243, 98 S.Ct. 1778, 56 L.Ed.2d 251 (1978).

*Smith v. United States*, 555 F.3d 1158, 1162-63 (10th Cir. 2009).

> By contrast, employment excise taxes – Social Security and Medicare matching contributions – constitute the "non-trust fund" portion of federal employment taxes because the employer pays them directly, never holding them in "trust." Under I.R.C. § 6672, the individual responsible for collect[ing] such tax, or truthful account[ing] for and pay[ing] over the trust fund portion of federal employment taxes may be personally liable to the IRS for a willful under payment of the trust fund portion. Personal liability does not attach to an employer's underpayment of the non-trust fund portion.

*Westerman v. United States*, 718 F.3d 743, 747 (8th Cir. 2013) (internal quotations and citations omitted). Further,

> [w]hen employers make payments toward their quarterly employment tax liabilities, the IRS's longstanding practice – absent directions from the employer – is to apply the payment first toward the employer's non-trust fund liabilities for the quarter and, only once that obligation is fully satisfied, toward the quarter's trust fund liabilities.

*Id.* at 749.

### B. April 25, 2008 wire transfer of $300,000

Defendant asserts that plaintiff is not entitled to a refund of any portion of the $300,000. First, defendant contends that plaintiff's claim for a refund of any portion of the $300,000 fails as a matter of law because it was a "deposit", opposed to a voluntary payment, of employment taxes under I.R.C. § 6302, and a deposit cannot be designated toward trust fund liabilities by an employer. Second, defendant contends that even if Boom could have designated the $300,000 to trust fund liabilities as a voluntary payment, Boom both failed to make a written designation and made the payment electronically, a method that does not allow for designation. Defendant further

contends that even presuming an IRS revenue officer made oral assurances to plaintiff, the officer's statements cannot bind the United States given contradictory published IRS Revenue Procedures requiring voluntary employment tax payment designations be made in writing. Plaintiff asserts that the $300,000 should have been credited only to Boom's trust fund liabilities because an oral agreement had been reached between plaintiff/Boom and Spangler at the April meeting. Plaintiff, therefore, contends that defendant is not entitled to summary judgment as to this claim.

The Court has carefully reviewed the parties' briefs and evidentiary submissions. Viewing the evidence in the light most favorable to plaintiff and viewing all reasonable inferences in plaintiff's favor, the Court finds that defendant is entitled to summary judgment as to plaintiff's claim regarding the April 25, 2008 wire transfer of $300,000. Specifically, the Court finds that even assuming the $300,000 transfer was a voluntary payment that Boom had the right to designate to trust fund liability, Boom did not properly designate it to trust fund liabilities.

> "IRS policy permits taxpayers who 'voluntarily' submit payments to the IRS to designate the tax liability to which the payment will apply." *United States v. Energy Resources Co., Inc.*, 495 U.S. 545, 548, 110 S.Ct. 2139, 109 L.Ed.2d 580 (1990) (citation omitted). Over time, the IRS has modified the scope of this right. At one time, the IRS required only "directions" from taxpayers in order to effectuate a directed payment. *See* Rev. Rul. 73-305, 1973-2 C.B. 43. However, the IRS subsequently curtailed the scope of the right that it had initially authorized, requiring that taxpayers provide "*specific written direction* as to the applications of the payment." Rev. Proc. 2002-26 § 3.01 (emphasis added). Absent written directions, the "Service will apply the payment to periods in the order of priority that the Service determines will serve [the Service's] best interest." *Id.* at § 3.02.
>
> Thus, to the extent that at one time the IRS permitted oral directions to effectuate a directed payment, under revenue procedure 2002-26 (applicable here), a taxpayer must specify in writing the payment's designation. *See Martin v. Commissioner*, 38 Fed.Appx. 980, 984 (4th Cir. 2002) ("[U]nless a taxpayer provides specific written instructions for the application of a voluntary payment, the IRS may apply the payment as it wishes.").

5

*Gessert v. United States*, 703 F.3d 1028, 1037-38 (7th Cir. 2013).

In the case at bar, it is undisputed that Boom did not provide any specific written direction to the IRS regarding the designation of the $300,000 transfer. Thus, the IRS was entitled to apply the $300,000 transfer in the best interest of the IRS. The Court further finds that any alleged oral agreement or oral statements regarding the designation of the $300,000 transfer made at the April 2008 meeting between Boom and Spangler are not a proper designation under IRS procedures. *See id.* (oral agreement between company and IRS agent regarding allocation of voluntary payments not sufficient designation); *Williams v. United States*, No. CV87-PT-2207-S, 1992 WL 94786 (N.D. Ala. Feb. 5, 1992) (same). Additionally, "the rule that a designation of a partial voluntary payment of employment taxes can be effective only if it is in writing is supported by public policy. It would be almost impossible for either party to confirm or deny any alleged oral designations." *Kinnie v. United* States, 771 F. Supp. 842, 854 (E.D. Mich. 1991). Further, the Court finds the written designation requirement places no heavy burden on a taxpayer, for such a designation could be easily included in written correspondence accompanying the payment. Finally,

> [t]he statutory scheme Congress created in §§ 6672 and 7501 plainly – and reasonably – permits the IRS to maximize the treasury's collection of unpaid liabilities by applying undesignated employment tax payments first toward non-trust fund taxes and then by recovering unpaid trust fund underpayment. Because the IRS's rights in this case are clearly defined and established by law, equity has no power to change or unsettle those rights.

*Westerman*, 718 F.3d at 752 (internal quotations and citations omitted).

Accordingly, the Court finds that defendant's motion for summary judgment should be granted as to the April 25, 2008 wire transfer of $300,000.

C.  Bankruptcy payments

Defendant contends that plaintiff's remaining claim for $42,727.34 of the bankruptcy payments must also fail. Specifically, defendant asserts that the IRS is entitled to allocate that sum to Boom's unpaid non-trust fund liabilities because Boom failed to pay all of its non-trust fund taxes for wage payments authorized during the company's bankruptcy. Plaintiff contends that the evidence shows there is a legitimate question of fact concerning whether these taxes were paid and, thus, whether plaintiff is entitled to the refund he seeks.

The Court has carefully reviewed the parties' briefs and evidentiary submissions. Viewing the evidence in the light most favorable to plaintiff and viewing all reasonable inferences in plaintiff's favor, the Court finds that plaintiff has not submitted sufficient evidence to create a genuine issue of material fact as to whether Boom paid the taxes at issue. The only evidence plaintiff relies upon to show that the taxes were paid is a paragraph in Boom's Second Emergency Motion to Approve Payment of Prepetition Wages and Benefits in the Ordinary Course of Business, and Brief in Support filed in the bankruptcy case and the bankruptcy court's orders permitting Boom to pay wages and taxes for this period. The paragraph in Boom's motion to approve payment, however, makes no mention of payment of employment taxes and simply confirms payment and anticipated payment of payroll or wages. Further, an attorney's representation in a motion, without more, is not proper evidence to support finding a disputed issue of material fact. Additionally, the Court finds the bankruptcy court's orders do not support any finding that Boom paid the taxes at issue.

Accordingly, the Court finds that defendant's motion for summary judgment should be granted as to the bankruptcy payments.

IV. Conclusion

For the reasons set forth above, the Court GRANTS defendant's Motion for Summary Judgment [docket no. 31]. The Court hereby ORDERS the parties to submit a proposed final judgment in this action within sixty (60) days consistent with this Order and the Parties' Notice and Stipulation of Partial Settlement [docket no. 30].

**IT IS SO ORDERED this 16th day of October, 2017.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE